[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11655
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20884-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN ESPALIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 5, 2019)

Before TJOFLAT, MARTIN, and HULL, Circuit Judges.

PER CURIAM:

Stephen Espalin appeals his conviction for failure to register and update his registration as a sex offender as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). He moved to dismiss the indictment, arguing that Congress's grant of authority to the Attorney General under SORNA violated the nondelegation doctrine. The District Court denied the motion, and Espalin appealed.

We granted Espalin's motion to hold his appeal in abeyance pending the outcome in *Gundy v. United States*, 583 U.S. __, __, 138 S. Ct. 1260, 1261 (2018) (mem.) (granting writ of certiorari). In *Gundy*, the Supreme Court held that Congress's delegation under 34 U.S.C. § 20913(d) does not violate the nondelegation doctrine. *Gundy v. United States*, 588 U.S. __, __, 2019 WL 2527473, at *9 (U.S. June 20, 2019). Thus, Espalin's argument fails, and we affirm the judgment of the District Court.[1]

**AFFIRMED.**

---

[1] Because *Gundy* squarely forecloses Espalin's argument, we deny his request to submit supplemental briefing on the *Gundy* opinion.